IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41475
Summary Calendar
_____


ROBERT SHAKESPEARE,

                                        Plaintiff-Appellant,

versus

JOANNE BOUDREAUX,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-146
- - - - - - - - - -
September 4, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Robert Shakespeare, Texas inmate # 586367, appeals from the take-nothing judgment in his civil rights suit filed pursuant to 42 U.S.C. § 1983.  Shakespeare argues that the district court abused its discretion in denying his motion for the appointment of counsel, denying his right of confrontation, and failing to sustain his objection to the defendant's testimony regarding who was housed in the prison building.  Shakespeare also argues that a juror made prejudicial statements during voir dire.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shakespeare has not demonstrated that the district court abused its discretion in denying his motion for the appointment of counsel; his pleadings demonstrate that he was capable of presenting his case, and he was aware of the facts underlying his excessive-force claim.  See Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).  We are unable to review Shakespeare's claims that a juror's statement during voir dire prejudiced the jury and that the district court erred in failing to sustain his objection to the defendant's testimony because Shakespeare has failed to provide critical parts of the record, namely the jury trial proceedings.  See United States v. Hinojosa, 958 F.2d 624, 632 (5th Cir. 1992).  Finally, Shakespeare has not shown that the district court violated his right of confrontation by not ordering Lisa Caesar and Stanford Broussard to appear at the trial as there is no indication in the record provided to the court that he requested that either of them be subpoenaed.

Shakespeare's motion for a default judgment is DENIED.

This appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

MOTION DENIED.  APPEAL DISMISSED AS FRIVOLOUS.